IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALLEN RAY LAMONT, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00680 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| J. MOUBRAY, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Allen Ray Lamont, a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against J. Moubray, the Business Accountant at Coffeewood Correctional Center, where Lamont was housed at the time he filed this action.[1] I conclude that Lamont's allegations fail to state a claim and, therefore, will dismiss this action without prejudice.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Although Lamont alleges no facts against, or conduct committed by, defendant Moubray in his complaint, he has also submitted a "Truth Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claims Rule C(6)." To the extent this affidavit can be construed as part of Lamont's complaint, the allegations in this document still fail to state a claim. In his affidavit, Lamont alleges that Moubray "tamper[ed]" with his legal mail on one occasion and that Moubray refused to return Lamont's completed Inmate Trust Account Reports unless Lamont paid for them. However, isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. *See Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (*aff'd,* 88 F. App'x 639 (4th Cir. 2004)) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail

---
[1] Since filing this action, Lamont was transferred to Pocahontas State Correctional Center.

mishandling, which is not part of any pattern or practice, is not actionable under § 1983); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Gardner v. Howard*, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable).

Further, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). As Lamont alleges only one incident in which the defendant "tampered" with his mail and no injury resulting from that incident or the denial of completed Inmate Trust Account Reports, I conclude that Lamont's allegations fail to state a claim and, therefore, will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 18th day of February, 2015.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

2